**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **TABITHA ZADI** | : | **CIVIL ACTION NO. 2:25-cv-00308** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **DENNYS INC ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by plaintiff Tabitha Zadi. Doc. 8. The motion is opposed by defendants Denny's Inc. and T&S Food Services II LLC (collectively, "Defendants"). Doc. 10. The time for reply has passed with none being filed, making this motion ripe for resolution. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

For the reasons stated, **IT IS RECOMMENDED** that the motion be **GRANTED.**

**I.**
**BACKGROUND**

Plaintiff Tabitha Zadi filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, on January 31, 2025, naming as defendants Denny's and T&S. Doc. 1, att. 5, ¶ 1. Plaintiff claims she sustained injuries and damages as the result of a slip and fall incident that occurred at a Denny's restaurant in Lake Charles, Louisiana. *Id.* at ¶ 3. She alleges the incident and injuries were caused through the sole fault and responsibility of Defendants, its agents, servants, and employees. *Id.* at ¶ 4. Plaintiff asserts that her injuries include, but are not limited

to, left shoulder pain, left elbow pain, left hip pain, left knee pain, lower back pain, and right ankle pain. *Id.* at ¶ 5.  As a result of these injuries, Plaintiff alleges that she "has and will continue to sustain past, present, and future: medical expenses, mental anguish, mental and physical pain and suffering, disability, loss of enjoyment of life." *Id.* at ¶ 6.  The state court petition, however, does not include a monetary value attributable to Plaintiff's damages other than that they "exceed the jurisdictional amount necessary for a trial by jury." *Id.* at ¶ 8.[1]

Defendants timely removed this action to this court on March 12, 2025. Doc. 1.  In the Notice of Removal, Defendants contend the parties are completely diverse and the amount in controversy exceeds the jurisdictional amount. *Id.* at ¶ 3.  Specifically, Defendants argue that the jurisdictional amount should be "easily met" based on Plaintiff's alleged injuries and damages. *Id.* at ¶ 6.  Defendants further assert that because Plaintiff failed to include a valuation of her claims, Plaintiff's allegations of her injuries and damages are the only information from which the amount in controversy can be inferred. *Id.*

Plaintiff moved for remand claiming that the amount in controversy is not facially apparent in her petition and that Defendants have not presented any evidence to meet their burden to establish that jurisdiction exists. Doc. 8, ¶¶ 5-7.  In opposition, Defendants argue they have met their burden by providing case examples of damage awards exceeding the jurisdictional amount for injuries similar to those alleged by Plaintiff. Doc. 10, p. 2.  They further contend it is apparent the amount in controversy exceeds $75,000 because Plaintiff has failed both to stipulate in her remand motion that the amount will not exceed the jurisdictional amount and to plead in her petition that her claim is for less than the federal jurisdictional amount as required by Louisiana

---

[1] In Louisiana, a jury trial is available in civil cases in which the principal demand exceeds ten thousand dollars exclusive of interest and costs.  *See* La. Code Civ. Proc. arts. 1731 & 1732.

Code of Civil Procedure article 893(A)(1). *Id.* at pp. 3-4.  Finally, Defendants request permission to engage in limited jurisdictional discovery in the event the court finds they have not met their burden. *Id.* at p. 6.

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton*, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994)).  Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a).  However, a federal district court must remand the action to state court if it finds it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).  The removing party bears the burden of showing federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).  The diversity provisions of § 1332 require complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472 (1996).  In this case, the parties do not dispute they are completely diverse and that the removal was timely. Doc. 8, ¶ 2.  Instead, the lone issue is whether Defendants have proven that the amount in controversy exceeds $75,000. *Id.*

As the removing party bears the burden of showing jurisdiction exists, Defendants are "required to 'prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.'" *Bosky*, 288 F.3d at 210 (quoting *Luckett*, 171 F.3d at 298).

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."

*Luckett*, 171 F.3d at 298 (citations omitted) (emphasis in original) (quoting *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).

The United States Fifth Circuit Court of Appeals has held that where injuries and damages are alleged with little specificity, it is not facially apparent that the jurisdictional amount is satisfied. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999); *see also Nelson v. Wal-Mart Stores Inc.*, No. CIV.A. 09-0302, 2009 WL 1098905 at *6 (W.D. La. Apr. 22, 2009) (holding that it was not facially apparent that the claims exceeded $75,000 because the injuries alleged were not as numerous or severe as the injuries alleged in other cases), *appeal denied, judgment aff'd sub nom. Nelson v. Wal-Mart Louisiana LLC*, No. CIV.A.09-302, 2009 WL 3753539 (W.D. La. Nov. 9, 2009).  Other courts in this circuit have also routinely held

> that pleading general categories of damages, such as "pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.," without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the "facially apparent" test.

*Maurice v. Winn Dixie Montgomery, LLC*, No. CV 24-2225, 2024 WL 4764449, at *4 (E.D. La. Nov. 13, 2024) (citing *Dykes v. Lyft, Inc.*, 551 F. Supp. 3d 618, 622-223 (M.D. La. 2021).  Thus, "[w]hen . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it is not "facially apparent" that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Prods., Inc.*, No. 14-CV-

1968, 2014 WL 7240158 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores*, No. 00-CV-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

Plaintiff's state court petition does not allege any specific injury; rather, she simply claims to suffer pain in various parts of her body. Doc. 1, att. 5, ¶ 6. She claims damages for medical expenses, past, present and future, but she does not allege any type of medical treatment she has or will receive. Finally, she asserts elements of general damages but without any indication as to the nature, basis for, or extent of any of these damages. *See Nelson*, 2009 WL 1098905 at *5; *Meche v. Lakezone Express, LLC*, No. 6:16-CV-00521, 2016 WL 6917266 at *4 (W.D. La. Nov. 7, 2016). Accordingly, while the Petition contains generic allegations of injuries and damages, it is not apparent on its face that the amount in controversy exceeds $75,000.

Defendants contend Plaintiff's failure to allege that her damages fall below the jurisdictional amount as required by Louisiana law establishes that the amount in controversy exceeds $75,000. Plaintiff's failure to stipulate her damages fall below the jurisdictional requirement or to make such an allegation in her Petition as required by Louisiana law is not enough on its own, however, to demonstrate the jurisdictional threshold is met. *See Lowe v. State Farm Fire & Cas. Co.*, No. 07-7454, 2008 WL 906311 (E.D. La. Apr. 2, 2008) ("Plaintiffs' failure to [submit a pre-removal binding stipulation] does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied. In this case [the defendant] has not met its burden."); *Undheim v. Winn-Dixie Montgomery, LLC*, No. 13-CV-1168, 2013 WL 12642452 at *3 (W.D. La. Sept. 11, 2013) ("Despite the mandatory wording of [La. Code Civ. P. art. 893(A)(1)], however, a plaintiff's failure to include such an allegation in her petition is insufficient, standing alone, to establish that the amount in controversy exceeds the federal jurisdictional threshold."); *Dykes*, 551 F. Supp. 3d at 623 (holding that Plaintiff's failure to include any

allegations regarding the amount in controversy to support federal jurisdiction is not dispositive.);

*Weber v. Stevenson*, No. 07-595, 2007 WL 4441261 (M.D. La. Dec. 14, 2007) ("[T]he plaintiffs'

failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and

of itself is not determinative of the amount in controversy. . . . [A] finding that the failure to include

the '893' allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount

to finding that subject matter jurisdiction may obtain from a procedural omission, which is

unsupportable.").

Moreover, in her Motion to Remand Plaintiff offered the following description of her

incident-related medical treatment:

> To date, Plaintiff's medical treatment has consisted of ambulance transport, hospital treatment, and urgent care. Diagnostic testing was performed at the emergency room which did not reveal any fractures or other acute findings. She has not undergone an MRI or been treated by an orthopedist. Moreover, Plaintiff's medical expenses to date are approximately $10,000, a majority of which were for diagnostic testing at the hospital and paid by Medicaid.

Doc. 8, att. 1, p. 5.  While she did not expressly stipulate that her damages are less than $75,000,

these assertions do not lend themselves to an inference of damages in excess of that amount.

Lastly, Defendants suggest "this Court may consider general damage awards in comparable

cases in determining whether the amount in controversy meets the jurisdictional threshold

requirement."  Doc. 10 at p. 4.  Defendants have cited several Louisiana state court decisions in

which they contend "[g]eneral damages exceeding the requisite amount have been awarded . . .

involving the same type of back, knee and shoulder injuries" claimed by Plaintiff.  *Id.*  Upon review

of Defendants' cases, however, the decisions suggest just the opposite.  *See Henry v. Wal-Mart*

*Stores, Inc.*, 758 So.2d 327 (La. App. 3d Cir.) (affirming the trial court's award of  $22,720.70

($22,000 in general damages for "shoulder, low back and leg pain" and $720.70 in special

damages), but also commenting that the "amount of general damages awarded by the trial court is

somewhat high"), *writ denied*, 762 So.2d 1107 (La. 2000); *Jacobs v. City of Marksville*, 953 So. 2d 139 (La. App. 3d Cir.) (affirming trial court's  damages awards (special and general) of $50,583.58 to one plaintiff and $40,238.67 to another),[2] *writ denied*, 963 So.2d 999 (La. 2007); *Cole v. Allstate Ins. Co.*, 987 So.2d 310 (La. App. 3d Cir.) (awarding three separate plaintiffs totals of $41,778.27, $43,065.86, and $42,042 in general and special damages), *writ denied*, 994 So.2d 535 (La. 2008); *Schwartzberg v. Guillory*, 213 So.3d 1266 (La. App. 1st Cir. 2017) (affirming the trial court's initial award of $51,674.45 ($28,000 in general damages, $22,674.45 in medical expenses, and $1,000 for a medical deductible) and subsequent total reduction to $49,999 based on the parties' previous stipulation).  Accordingly, regardless of whether considering similar awards is appropriate, the cases offered by Defendants fail to provide any support for their position that the jurisdictional amount is met in this case.

The petition in this matter does not on its face make apparent that the amount in controversy meets the jurisdictional requirement.  Defendants also have failed to present any evidence that the amount in controversy exceeds $75,000.  As such, Defendants have not sustained their burden to establish this court has subject matter jurisdiction to retain this case.

Defendants, however, request that limited jurisdictional discovery be permitted. Doc. 10, p. 6.  "[W]hile a court should determine whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, some jurisdictional discovery may be warranted if the issue of subject matter jurisdiction turns on a disputed fact." *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012) (citing *Eckstein Marine Serv., L.L.C. v. Jackson*, 672 F.3d 310, 319-20 (5th Cir. 2012)).  "The party seeking discovery must establish its necessity and does so by making

---

[2] A third plaintiff in *Jacobs* was awarded $225,000 in general damages and $46,697.95 in medical expenses, but his injuries resulted in two knee surgeries, extensive physical therapy, and a number of injections.  Three years after the accident, he continued to experience pain in the knee and his activities had been curtailed.  *Jacobs,* 953 So. 2d at 146. The allegations in the matter before this court are not analogous.

'clear which specific facts he expects discovery to find.'" *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 902 (5th Cir. 2024) (internal citations omitted) (citing *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021)).  As with all discovery matters, however, "the question whether to permit jurisdictional discovery is committed to the district court's discretion." *Daniels v. Bull Rogers, Inc.*, No. PE:17-CV-00053, 2018 WL 7297874 at *2 (W.D. Tex. Feb. 5, 2018) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982)).  Here, Defendants again fail to carry their burden to show a necessity for jurisdictional discovery.  There is no evidence presented demonstrating a disputed fact nor specific facts Defendants anticipate discovering.  Thus, the court finds there is no need for jurisdictional discovery in this matter.

### III.
#### CONCLUSION

For the reasons stated,

**IT IS RECOMMENDED** Plaintiff's Motion to Remand [Doc. 8] be **GRANTED** and that this civil action be remanded to the 14th Judicial District Court, Calcasieu Parish, Louisiana.

**IT IS FURTHER RECOMMENDED** that Defendants' request for limited jurisdictional discovery be **DENIED**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District

Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

  **THUS DONE AND SIGNED** in chambers this 16th day of March, 2026.

              **THOMAS P. LEBLANC**
           **UNITED STATES MAGISTRATE JUDGE**